1  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
3  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
4  Oakland, California 94612-3547
   Telephone: (510) 832-9999
5  Facsimile: (510) 832-1101

6  Attorneys for Plaintiffs

7

8

9              **UNITED STATES DISTRICT COURT**
10     **EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF FRESNO**

11

12

13

14

15 FABIAN CABALLERO MARTINEZ, on
   behalf of himself and all others similarly
16 situated,

17              Plaintiff,

18       vs.

19  SEMI-TROPIC COOPERATIVE GIN &
   ALMOND HULLER INC. and DOES 1
20 through 20, inclusive

21              Defendants.

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1. **Violation of the Fair Labor Standards Act: Failure to Pay Overtime Wages**
2. **Failure to Pay Overtime Wages**
3. **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions**
4. **Failure to Provide Rest Periods or Premium Wages in Lieu Thereof**
5. **Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof**
6. **Failure to Pay All Wages Owed Upon Termination or Resignation**
7. **Violation of Unfair Competition Law**
8. **Enforcement of the California Labor Code Private Attorney General Act**

1.     Plaintiff Fabian Caballero (hereafter referred to as "Plaintiff") brings this action against SEMI-TROPIC COOPERATIVE GIN & ALMOND HULLER (hereafter referred to as "Defendant" or "Semi-Tropic"), a California Corporation and DOES 1 through 20 and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas", or agents, and allege upon information and belief which is based upon the investigation of his counsel, except as to the allegations concerning Plaintiff, or his counsel, which are made upon Plaintiff's personal knowledge.

## I.     NATURE OF THE ACTION

2.     This is a wage and hour class action to vindicate the rights afforded employees by Federal and California labor law. This action is brought by Plaintiff himself and on behalf of a Class of similarly situated individuals against Defendant. Plaintiff's California Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute. All PAGA administrative requirements will have been met for this purpose prior to service of this complaint.

3.     This action revolves around the systemic failure by Defendant to pay California non-exempt employees, including Plaintiff and the Class, in conformance with Federal and California law. Defendant Semi-Tropic and DOES 1-20, have employed Plaintiff and the Class directly or as agents of one another, and or is liable under California Labor Code §558.1 and are referred to herein as "Employer Defendants." Plaintiffs allege that Defendant and some Does are "persons" who violated or caused to be violated California Labor Code §558, § 1197.1, 2699 (f) and IWC Wage Orders. As such, Defendants and some Does are liable for penalties and wages which Plaintiffs may seek through PAGA for themselves, current and former employees, and the State of California and are sued solely pursuant to PAGA. Some Defendant Does and Defendant Semi-Tropic, are collectively hereinafter referred to as the "PAGA Defendants" as they are liable under PAGA as either the employer, joint employer or a "person" who caused the violation at issue.

4.     The core violations Plaintiff alleged against the Defendant are: (1) failure to pay all

overtime wages owed; (2) failure to pay wages of terminated or resigned employees; (3) violation of unfair competition law; and (4) enforcement of the California labor code Private Attorney General Act.

5.     In addition, pursuant to the Private Attorney General Act ("PAGA"), Labor Code § 2698, *et seq.*, Plaintiff seeks penalties for the underlying violations of the Labor Code on behalf of himself, the State of California and Defendant's current and former employees. As held by the California Supreme Court in *Arias v. Sup. Ct.* 46 Cal.4th 969, 986 (2009), aggrieved employees have a substantive right to act as a proxy or agent of the State of California in seeking penalties for the State and Defendant's workforce, and although these aggrieved employees are empowered to do so in a representative fashion, the class action requirements do not apply. As such, for PAGA penalty purposes only, this action is brought on behalf of Defendant's entire past and current workforce and California's Labor & Workforce Development Agency ("LWDA") during the relevant time period covered by the statute of limitations which is one year for most PAGA penalties and three years for Labor Code §§ 256, 203 predicate violations plus tolling based upon prior complaints or PAGA notices. Plaintiff has complied with the administrative requirements pursuant to PAGA by mailing notice to the LWDA and the Defendant on June 26, 2019.

## II.     JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 covering claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*

7.     This Court has supplemental jurisdiction over the California state law a claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

8.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

9.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the Defendant and Plaintiff reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

**INTRADISTRICT ASSIGNMENT**

10.    This case is properly assigned to the Bakersfield Division of this Court because the action arose in Kern County, California. Local Rule 120(d).

III.    **PARTIES**

*Plaintiff*

11.    Plaintiff, Fabian Caballero, is a resident of California and lived within Kern County. Plaintiff Fabian Caballero is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq.* as a result of the violations and the harms described herein. At all relevant times herein, Plaintiff Fabian Caballero was employed by Defendant within Kern County, California. Defendant employed Plaintiff Fabian Caballero as a non-exempt employee. Plaintiff Fabian Caballero was hired by Defendant to work within the counties covered by the Intradistrict Venue in the Bakersfield Division of the Eastern District pursuant to Local Rule 120(d). During the relevant time period, Plaintiff Fabian Caballero worked for Defendant within the Intradistrict Venue of the Bakersfield Division of the Eastern District, performing janitorial work and moving and unloading loads of product during the Class Period through approximately January 2019. Plaintiff Fabian Caballero has suffered injury in fact and loss of property as a result of Defendant's conduct described in this Complaint.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein that Defendant Semi-Tropic is a California corporation.

13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas," or agents carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of these persons are legally attributable to Defendant.

14.    Plaintiff and the Class bring this action pursuant to the California Labor Code §§ 201, 202, 203, 204, 205.5, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 256, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802  and the applicable IWC wage order, seeking unpaid overtime wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

CLASS ACTION AND PAGA COMPLAINT                                    *Case No.*

15.     Plaintiff and the Class, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq*., also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by Plaintiff and the Class but retained by Defendant as a result of its failure to comply with the above laws. Plaintiff and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

16.     Plaintiff, on behalf of himself and all Class Members, pursuant to FLSA, 29 U.S.C. §§201, *et seq*., seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

17.     Plaintiff alleges that Defendant (including some Does), and each of them, are employers with respect to any Plaintiff or Class Members. All Defendants are liable pursuant to California Labor Code 558.1, PAGA and the FLSA.

18.     On information and belief, Defendant was on notice of the improprieties alleged herein by their employees, Plaintiff and the Class he seeks to represent, and intentionally refused to rectify their unlawful policies.

19.     Defendant's failure to compensate non-exempt employees for all "hours worked," failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

20.     Plaintiff and the Class also bring this action against Defendant pursuant to the California Labor Code Private Attorneys General Act, § 2698 *et seq*. This act provides additional derivative remedies for all of the violations described in this Complaint.

### *Defendant*

21.     The following allegations as to Defendant are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

22.     At all times relevant, Semi-Tropic conducted and conducts business in Kern County.

CLASS ACTION AND PAGA COMPLAINT          *Case No.*

At all times relevant, Semi-Tropic owned, controlled or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct or joint employer of Class members in this case. During all relevant times alleged herein, Semi-Tropic employed Plaintiff and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of therein.

## IV.    FACTUAL BACKGROUND

23.    This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Fair Labor Standards Act 29 U.S.C. §§201, *et seq.*, the California Labor Code, and California Business and Professions Code § 17200 *et seq*. This action is brought on behalf of Plaintiff and members of the Class comprising all non-exempt employees employed for janitorial services and loading and unloading of product, or formerly employed, by Defendant within the State of California. The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiff and Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

24.    The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the public house-keeping industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practice. The Defendant herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry. The practices of the industry are common or nearly uniform among many of the major companies which employ janitors that spread improper employment practices. The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiff seeks to represent on a class and PAGA basis.

25.    For at least four years prior to the filing of this action and through to the present, Defendant maintained and enforced against Plaintiff and the Class unlawful practices and policies

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

in violation of Federal and California wage and hour laws, including but not limited to:

    a.    Failing to compensate Plaintiff for all hours worked, including but not limited to, hours greater than eight per day and/or hours greater than forty (40) per week worked by Plaintiff and Class Members in violation of Federal law, California law and public policy;

    b.    Failing to provide Class members, including Plaintiff, with accurate itemized wage statements in violation of California law and public policy;

    c.    Failing to pay to Class members, including Plaintiff, statutory penalties pursuant to California Labor Code §§ 201, 202, 203, 226, and 1174(d) in violation of California law and public policy.

26.    Defendant failed to compensate for all "hours worked" (within the meaning of the Wage Order No. 8-2001) and failed to pay overtime premium wages for work performed. This includes, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on statutory rest breaks, work meetings, and other activities. By their conduct, Defendant makes clear that they are intentionally and maliciously subverting Federal and California overtime wage requirements, resulting in Plaintiff and the Class' loss of property that occur as a result of Defendant's payroll policies.

27.    Defendant has made it difficult to account with precision the unlawfully withheld wages due to Defendant's inadequate record-keeping methods. Defendant has not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

28.    44. Defendant has failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and accounting for the applicable rate of pay for Plaintiff and the members of the proposed class. Plaintiff and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

29.    On information and belief, Defendant has made it difficult to account with precision

for the unlawfully withheld wages due to Plaintiff and the Class during all relevant times herein, because Defendant did not fully implement and preserve a record keeping method to accurately record all hours worked and wages earned by its employees as required for non-exempt employees by California Labor Code §§226 and 1174 (d) and the applicable Wage Order.

## V. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the following "Classes," composed of, and defined, as follows:

31. All persons who are or have been employed by Defendant or DOES in the State of California at any time within four (4) years of the filing of the Initial Complaint in this action.

32. Plaintiff may amend the above class definitions as permitted or required by this Court. This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interests in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

33. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed over one-hundred, non-exempt hourly workers in the State of California and who are, or have been, affected by Defendant's unlawful practices as alleged herein.

34. Upon information and belief, Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B. Commonality

35. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

CLASS ACTION AND PAGA COMPLAINT                                   *Case No.*

a.   Whether Defendant violated the Fair Labor Standards Act, California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to compensate Plaintiff and the other Class Members for all hours worked;

b.   Whether Defendant violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to, among other things, maintain and provide accurate records of Plaintiff's and the other Class Members' earned wages and work periods, accurately itemizing in wage statements all hours worked and wages earned, and accurately maintaining records pertaining to Plaintiff and the other Class Members;

c.   Whether Defendant violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to provide statutorily required rest periods or provide premium wages in lieu thereof;

d.   Whether Defendant violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to provide statutorily required meal periods or provide premium wages in lieu thereof;

e.   Whether Defendant violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Member's employment with Defendant terminated;

f.   Whether Defendant violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by willfully refusing to pay all wages due;

g.   Whether Defendants committed unfair or unlawful business practices in violation of section 17200 *et seq*. of the Business and Professions Code.

## C.  Typicality

36.   The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and public policy as alleged

herein.

### D.  Superiority of Class Action

37.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policy and/or practice of failing to compensate Class Members for all wages earned and due and engaging in the other unlawful practices herein complained of.

38.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME WAGES

#### (FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*)

39.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

40.    On information and belief and at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, Defendant has employed, and continues to employ employees, including Plaintiff.

41.    Attached hereto is the Consent to Sue form signed by Plaintiff pursuant to §16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs asserting FLSA claims in the future.

42.    The FLSA requires each covered employer, including Defendant, to compensate all

9

nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

43.     Plaintiff is entitled to overtime compensation for all overtime hours worked.

44.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Class for their hours worked in excess of forty hours per week.

45.     By failing to compensate Plaintiff and the Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a)(1).

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

47.     Plaintiff, on behalf of himself and the Class, seeks recovery of attorneys' fees and costs of action to be paid by Defendant,  as provided by the FLSA, 29 U.S.C. §216(b).

48.     Plaintiff, on behalf of himself and the Class, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by 29 U.S.C. §216 (b), interest, and such other legal and equitable relief as the Court deems just and proper.

49.     WHEREFORE, Plaintiff requests relief as described herein and below on behalf of the Class.

### SECOND CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES

### (CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDERS 5)

50.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

51.     California Labor Code § 510 states:

> "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek

shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

52.     The identical provision is found in the applicable IWC Wage Orders 5, which are authorized under California Labor Code § 1185.

53.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

54.     As described herein, Defendant violated California Labor Code § 510 and IWC Wage Orders by failing to pay workers who were required to work more than 8 hours in one workday or 40 hours in one work week overtime wages. Defendant also violated the California Labor Code and IWC Wage Orders by compensating Plaintiff and the Class at rates lower than the applicable overtime premium wage rate. Defendant is liable as a result of Labor Code section 558.1.

55.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendant's failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Order No. 5-2001. Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

56.     Wherefore, Plaintiff    and the Class request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

### EMPLOYEE WAGE STATEMENT PROVISIONS

### (CALIFORNIA LABOR CODE §§ 226(B), 1174, 1175)

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58.     California Labor Code Section 226(a) states:
Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

      i)      gross wages earned,

11

ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

iv)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v)     net wages earned,

vi)    the inclusive dates of the period for which the employee is paid,

vii)   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

viii)  the name and address of the legal entity that is the employer, and

ix)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

59.    Defendant failed to provide "accurate itemized statements" to employees, including Plaintiff and the Class, because the wage statements:

a.     Omitted the applicable overtime rate of pay for hours worked by Plaintiff and the Class.

60.    As a result, the wage statements falsely stated the net wages earned.

61.    California Labor Code § 226(e) and (g) provide for the remedy for the violations

12

described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

62.     Section 1174 of the California Labor Code, and Wage Order 5, require Defendant to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  The Wage Order also requires that the employer keep accurate information showing when each employee "begins and ends each work period, meal periods, and total daily hours worked." Defendant has created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendant's failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal.App.3d 721 (1988).

63.     By failing to keep adequate time records required by §§ 226 and 1174 (d) of the Labor Code, Defendant has injured Plaintiff and the Class and made it difficult to calculate the unpaid wages due, and Plaintiff and the Class are entitled to up to $4,000.00 in penalties.

64.     WHEREFORE, Plaintiff requests relief as described herein and below on behalf of the Class.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE REST PERIODS OR PREMIUM WAGES IN LIEU THEREOF**

(CALIFORNIA LABOR CODE §§226.7, 558.1, WAGE ORDER 5)

65.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

66.     Plaintiff alleges that himself and the Class were not provided all uninterrupted, statutory ten-minute rest periods while in the employ of Defendant.

67.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

66. The applicable IWC Wage Orders state in regard to rest breaks:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

68.     Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours (and so on). For shifts lasting around 8 hours, the first rest break must occur before the meal break and the second rest break, unless other factors render such schedule impracticable.

69.     Defendant violated the applicable Wage Order and California Labor Code §226.7 by failing to authorize and permit the appropriate number of uninterrupted rests breaks, and failing to pay additional rest break wages. On information and belief, Defendant required Plaintiff and the Class to work through rest breaks.

70.     On information and belief, Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion. On information and belief, during the rest period, Defendant did not permit or authorize Plaintiff and the Class to take rest periods.

71.     As a result of the unlawful acts of Defendant's actions, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and

are entitled to recovery of such amounts, plus interest and penalties thereon, and costs, under Labor

Code §§203, 226, 226.7 and 1194. The Defendant and Defendants DOES 1 through 20 are liable

as the employer for failure to comply with §§226.7 and 1194 as alleged herein and by implication

of California Labor Code §558.1.

72.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL PERIODS OR PAY ADDITIONAL WAGES IN LIEU**
**THEREOF**
(CAL. LAB. CODE §§ 226.7, 512)

73.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.     On information and belief, Plaintiff and the Class were not afforded meal periods

as required by California law, since they were routinely required to work during their meal

periods, and they were not compensated for these interrupted meal periods.

75.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period
mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in
accordance with an applicable order of the Industrial Welfare Commission, the
employer shall pay the employee one additional hour of pay at the employee's regular
rate of compensation for each work day that the meal or rest period is not provided.

76.     The applicable wage order issued by the Industrial Welfare Commission is Wage

Order 5.  Wage Order 5 states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5)
hours without a meal period of not less than 30 minutes, except that when a work
period of not more than six (6) hours will complete the day's work the meal period
may be waived by mutual consent of the employer and employee.  Unless the
employee is relieved of all duty during a 30-minute meal period, the meal period
shall be considered an "on duty" meal period and counted as time worked.  An "on
duty meal period shall be permitted only when the nature of the work prevents an
employee from being relieved of all duty and when by written agreement between
the parties an on-the-job paid meal period is agreed to.  The written agreement shall
state that the employee may, in writing, revoke the agreement at any time.

(B)  If an employer fails to provide an employee a meal period in accordance with
the applicable provisions of this Order, the employer shall pay the employee one (1)
hour of pay at the employee's regular rate of compensation for each work day that
the meal period is not provided.

15

77.     A similar provision is contained at California Labor Code § 512 and provides:

(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

78.     Defendant violated California law by failing to provide timely, uninterrupted meal periods mandated by Labor Code § 226.7 and the wage orders. Defendant also failed to provide second meal periods or obtain waivers for work periods in excess of 10 hours. As such, Defendant is liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

79.     Plaintiff and, on information and belief, the Class did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiff and the Class were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

80.     As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 5.

81.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION OR RESIGNATION

#### (CALIFORNIA LABOR CODE §§ 201, 202, 203)

82.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

83.     California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

84.     Defendant required Plaintiff and the Class to work without compensating them for

all wages as described in this complaint and failed to pay these wages at the termination of these employees. Consequently, Defendant has violated California Labor Code §§ 201 and/or 202.

85. California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

86. Defendant willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiff and the Class are entitled to 30-days' worth of wages. "30-days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

87. In calculating 30-days wages pursuant to California Labor Code § 203, Plaintiff and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, compensation for work done at hourly rates below the minimum and overtime wages, and other compensation due but not received.

88. More than 30 working days have passed since Plaintiff and many members of the Class have left Defendant's employ, and despite this, they have not received payment pursuant to Labor Code § 203. As a consequence of Defendant's willful conduct in not paying all earned wages, Plaintiff and the Class are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages.

89. WHEREFORE, Plaintiff and the Class seek the relief as described herein and below.

### SEVENTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION LAW

### (CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.)

CLASS ACTION AND PAGA COMPLAINT        *Case No.*

90.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

91.     On information and belief, by their policies described above, Defendant engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq*. The actions of Defendant as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of Business and Professions Code §§ 17200 *et seq*. and have suffered injury and have lost money or property as a result of Defendant's failure to comply with well-established labor laws.

92.     As a result of their unlawful acts, Defendant's have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and the Class. Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiff is informed and believes and thereon alleges that Defendant has been unjustly enriched through these unlawful practices.

93.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendant will not continue such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, Defendant will continue these violations.

94.     Plaintiff further requests that the Court issue a preliminary and permanent injunction requiring Defendant to comply with the recording keeping requirements under California Labor Laws.

95.     WHEREFORE, Plaintiff for himself and the Class he seeks to represent request injunctive, declaratory, and restitutionary relief as described herein and below.

**EIGTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004**

**("PAGA")**

(CALIFORNIA LABOR CODE §§ 2698, ET SEQ.)

96.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

97.     Plaintiff brings this claim for himself and other current and former employees, as expressly authorized by Labor Code §§ 2699 *et seq*. PAGA is an enforcement action that empowers

an aggrieved employee to seek penalties on behalf of themselves, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for himself and other current and former employees and need not comply with Class Action Certification.

98.     Plaintiff is an aggrieved employee as defined in Labor Code § 2699(a). He brings this cause of action on behalf of himself and other current or former aggrieved employees affected by the labor law violations alleged in this complaint.

99.     The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendant and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The LWDA refused to timely investigate these violations.

100.    Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff, other current or former employees and the State for violations of those sections.

101.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

102.    Plaintiff seeks penalties due from all Defendants on behalf of themselves, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties due pursuant to Labor Code § 558(a) as a result of Defendant's violation of the provisions of the Labor Code and Wage Orders 5 and others.

103.    Defendant is liable to Plaintiff and "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint.  Plaintiff is also entitled

to an award of attorneys' fees and costs as set forth below.

104.   Plaintiff, and on behalf of himself and other current or former employees, request relief as described below.

## VII.   **PRAYER FOR RELIEF**

105.   WHEREFORE, Plaintiff prays for judgment for Plaintiff and the Class as follows:

106.   For compensatory damages in an amount according to proof with interest thereon;

107.   For economic and/or special damages in an amount according to proof with interest thereon;

108.   For a declaratory judgment that Defendant violated the rights of Plaintiff and the Class under the California Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

109.   For an award to Plaintiff and the Class of statutory damages or, in the alternative, actual damages for Defendant's violations of the California Labor Code;

110.   That Defendant be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*;

111.   That Defendant be ordered and enjoined to make restitution to Plaintiff and the Class due to their unfair competition, including restitutionary disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

112.   That Defendant be enjoined from continuing the unlawful course of conduct alleged herein;

113.   For premium pay and statutory penalties pursuant to Labor Code § 203, excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq.*;

114.   For premium wages pursuant to Labor Code §§ 226 and 226.7;

115.   For minimum wages pursuant to Labor Code §§1197, 1194(a), 1194.2, and the Wage Orders;

116.   For liquidated damages pursuant to the Labor Code § 1194.2;

CLASS ACTION AND PAGA COMPLAINT                              *Case No.*

117.    For penalties pursuant to Labor Code § 226.

118.    For attorneys' fees, interests, and costs of suit under the California Labor Code including §§ 226, 1194, and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

119.    For unpaid wages, liquidated damages, penalties and other relief as provided by the California Labor Code.

120.    For such other and further relief as the Court deems just and proper excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq*.

121.    For penalties for the State, Plaintiff and other current or former employees pursuant to the Labor Code Private Attorney General Act.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims and of the Class by jury to the extent authorized by law.

Dated:  November 5, 2019                    MALLISON & MARTINEZ


By:  /s/ Hector Martinez
     Hector R. Martinez, Esq.
     Attorneys for Plaintiffs

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*