UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN CABALLERO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SEMI-TROPIC COOPERATIVE GIN & ALMOND HULLER, INC. and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: 1:19-cv-1581 JLT BAK (EPG)<br><br>ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING |

    Fabian Caballero Martinez asserts Semi-Tropic Cooperative Gin & Almond Huller failed to comply with California's wage and hour laws. Plaintiff now seeks preliminary approval of a class settlement reached in this action, including conditional certification of a settlement class and preliminary approval of the settlement terms. (Doc. 42.)

    In the settlement agreement, the parties indicated that "Plaintiff will move the Court for … [c]onditional certification, solely for settlement purposes, of a Class pursuant to California Code of Civil Procedure Section 382." (Doc. 42-3 at 13, Settlement § III.E.1.a(i).) However, Plaintiff asserts conditional certification of the class is appropriate under the Federal Rules of Civil Procedure, noting that "[p]ursuant to Rule 23(c)(1), Federal Rules of Civil Procedure, the Court may 'make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a

later date.'" (Doc. 42-1 at 20, quoting *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 466 (E.D. PA. 2000).)  It is unclear whether this was a scrivener's error by the parties in the Settlement—as the matter is clearly before the district court, rather than a state court—or whether the parties agree conditional certification may be sought under Rule 23, despite the Settlement term.[1]

Notably, after seeking conditional certification under Rule 23, Plaintiff also argues the terms of "the Settlement [satisfy] the criteria for preliminary settlement approval under California law." (Doc. 42-1 at 7.)  Plaintiff then discusses factors under California law to evaluate the proposed settlement. (*See id.* at 15-18, citing, e.g., *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1801 (1996); *Consumer Priv. Cases*, 175 Cal.App.4th 545, 558 (2009); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 129 (2008).)  However, federal law governs the Court's evaluation, as Rule 23(e) identifies requirements for evaluating class settlements.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (holding Rule 23 of the Federal Rules of Civil Procedure governs evaluations of class actions before the federal court, state law notwithstanding); *see also Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) ("Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law").  Thus, the Court must apply the factors identified in Rule 23(e)(2) to evaluate the settlement terms.

Toward that end, "[i]n December 2018, Congress and the Supreme Court amended Rule 23(e) to set forth specific factors to consider in determining whether a settlement is 'fair, reasonable, and adequate.'"  *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021); *see* Fed. R. Civ. P. 23(e)(2) (effective Dec. 1, 2018).  Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

---

[1] The parties also agreed Plaintiff would "provide Defense Counsel with the opportunity to review and comment upon draft of all other pleadings to be filed in connection with the Motion for Preliminary Approval (e.g., notice of motion, memorandum of points and authorities, and declarations)…." (Doc. 42-3 at 14, Settlement § III.E.1.d.)  Defendant did not oppose or respond to the motion, which suggests there is no opposition to conditional certification under Rule 23.

Fed. R. Civ. P. 23(e)(2)(C); *see also Briseño*, 998 F.3d at 1023-24.  Although many factors previously identified by the Ninth Circuit to evaluate settlement terms "fall within the ambit of the revised Rule 23(e)," the Ninth Circuit determined the revision requires courts "to go beyond [its] precedent." *Briseño*, 998 F.3d at 1026. Finally, Rule 23(e)(3) requires parties seeking approval to "file a statement identifying any agreement made in connection with the proposal."  The Court was unable to locate a such a statement in the briefing concerning Rule 23(e)(3). Accordingly, the Court **ORDERS**:

1. The parties **SHALL** file a joint written statement **no later than April 25, 2022**, addressing whether the parties agree conditional certification of the Settlement Class is properly sought under Rule 23 of the Federal Rules of Civil Procedure given that the matter is in the district court, despite the settlement terms; and
2. Plaintiff **SHALL** file a supplemental briefing addressing each of the factors identified in Rule 23(e)(2) **no later than May 16, 2022**.

IT IS SO ORDERED.

Dated:   **April 4, 2022**

_____
UNITED STATES DISTRICT JUDGE

3