# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN CABALLERO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>SEMI-TROPIC COOPERATIVE GIN & ALMOND HULLER, INC. and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No.: 1:19-cv-1581 JLT CDB<br><br>ORDER AMENDING THE DEADLINE FOR CLASS MEMBERS TO SUBMIT OBJECTIONS<br><br>ORDER DENYING APPROVAL OF THE CLASS NOTICE AND DIRECTING PLAINTIFF TO FILE A REVISED NOTICE |

      Previously, the Court ordered any objections or comments on the Settlement Agreement be submitted no later than November 2, 2022.  (*See* Doc. 50 at 31.)  However, this was a scrivener's error, which was then incorporated in the proposed notice submitted by Plaintiff.  (*See* Doc. 51-1 at 4, 6.)  Pursuant to the terms of the Settlement Agreement, the deadline to submit objections or comments should be amended to allow 45 days from the date of the notice mailing, and to correspond with the ordered deadline to submit an "Election Not to Participate in the Settlement."  Accordingly, any written objections or comments must be postmarked <u>no later than December 27, 2022</u>.  The proposed notice must be amended to correctly identify the deadline.

      In addition, the Court notes that the notice informs class members: "In the event that any checks mailed to the Class members who participate in the Settlement remain uncashed after the expiration of 180 days, or an envelope mailed to a Class member is returned and no forwarding address can be

located for that Class member after reasonable efforts have been made (including but not limited to skip tracing), any such checks shall become null and void, and such monies shall be paid to Legal Aid at Work or some similar organization as approved by the Court." (Doc. 51-1 at 4.)  However, in the motion for preliminary approval, the Court expressed skepticism that Legal Aid at Work—or a similar pro bono law firm— was an appropriate cy pres beneficiary. (Doc. 50 at 8-9, n.2.)  As a result, the Court indicated: "**the Court finds, preliminarily, that the proposed cy pres beneficiary is not appropriate**." (*Id.* at 9, n.2 [emphasis in original].)  Given this preliminary determination, reference to Legal Aid at Work should be omitted from the Notice.  Rather, class members should be informed that money from uncashed checks will be paid to an organization approved by the Court. Accordingly, the Court **ORDERS**:

1. The deadline for submission of written objections or comments is **AMENDED**, and written objections from Class Members must be submitted to the Settlement Administrator no later than **December 27, 2022**.
2. Plaintiff **SHALL** file a revised notice with the above changes, including omitting reference to Legal Aid at Work, no later than **October 31, 2022**.

IT IS SO ORDERED.

Dated:   **October 26, 2022**

_____
UNITED STATES DISTRICT JUDGE