# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN CABALLERO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SEMI-TROPIC COOPERATIVE GIN & ALMOND HULLER, INC. and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 1:19-cv-1581 JLT CDB<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING |

　　Fabian Caballero Martinez asserts Semi-Tropic Cooperative Gin & Almond Huller failed to comply with California's wage and hour laws. Plaintiff now seeks final approval of the settlement reached in this action, including a claim under California's Private Attorney General Act and payment to the LWDA. (*See generally* Docs. 55-1.)

　　To bring an action under PAGA, an aggrieved employee must first provide written notice to the employer and the Labor and Work Force Development Agency. Cal. Lab. Code § 2699.3(a)(1). Any proposed settlement of PAGA claims must be submitted to the LWDA, and a trial court must "review and approve" any settlement of PAGA claims. *Id.* § 2699(l)(2); *see also Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019) (noting a proposed settlement should be submitted to the LWDA).

In granting preliminary approval of the Settlement, the Court observed "there is no evidence the revised settlement agreement was submitted to the LWDA." (Doc. 50 at 25 n. 25.) The Court noted:

> [I]t appears the revised agreement should be submitted to the LWDA. *See Mondrian v. Trius Trucking, Inc*., 2022 WL 2306963, at *13 (E.D. Cal. June 27, 2022) (observing the parties submitted their original agreement to the LWDA, and following revision, indicated the revised Settlement Agreement would be served on the LWDA at the same time as briefing to the Court); *see also Orosco v. Teva Parenteral Meds*, 2021 Cal. Super. LEXIS 148227 at *3 (Cal. Sup. Ct. Dec. 16, 2021) (directing the plaintiff to serve the LWDA with any revisions to the class settlement made following the court's order).

(*Id.*) Therefore, the Court ordered Plaintiff to submit the "Amended Settlement Agreement and Release" to the LWDA within seven days of its order granting preliminary approval. (*Id.* at 29, ¶ 4.) Further, the Court ordered: "Plaintiff **SHALL** address whether the LWDA commented on either the initial settlement or amended settlement in the motion for final approval." (*Id.*, ¶ 5.)

The Court has reviewed Plaintiff's motion for final approval, and Plaintiff only indicates that he "submitted the Settlement Agreement to the LWDA on March 2, 2022." (Doc. 55-1 at 13, citing Mallison Decl. ¶ 38 [Doc. 55-2 at 15].) Specifically, Mr. Mallison reports that "Plaintiff submitted the *initial* Settlement Agreement to the LWDA on March 02, 2022." (Doc. 55-2 at 15, emphasis added.) The motion and its supporting declaration are silent on whether Plaintiff served the amended agreement to the LWDA as ordered, or whether the LWDA commented on the amended agreement. (*See generally* Doc. 55-1.)

Accordingly, the Court **ORDERS**: Plaintiff **SHALL** file supplemental briefing <u>within seven days of the date of service of this Order</u>, addressing when the "Amended Settlement Agreement and Release" was submitted to the LWDA, and if any comment was made by the LWDA on the amended agreement.

IT IS SO ORDERED.

Dated:   **April 28, 2023**                                     _Jennifer L. Thurston_
                                                                    UNITED STATES DISTRICT JUDGE