UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN CABALLERO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>SEMI-TROPIC COOPERATIVE GIN & ALMOND HULLER, INC. and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.: 1:19-cv-1581 JLT CDB<br><br>ORDER DENYING THE REQUEST TO APPOINT CALIFORNIA RURUAL LEGAL ASSISTANCE AS THE CY PRES BENEFICIARY AND DIRECTING THE PARTIES TO FILE A STIULATION OR JOINT STATEMENT WITHIN 21 DAYS<br><br>(Doc. 61) |

Fabian Caballero Martinez asserted Semi-Tropic Cooperative Gin & Almond Huller failed to comply with wage and hour laws. The Court granted final approval of a settlement reached in this action, after which the Settlement Administrator issued settlement checks. (Doc. 60; Doc. 61 at 2.) Pursuant to the terms of the Settlement, the parties agreed that if any checks were uncashed, the funds would be distributed to a cy pres beneficiary approved by the Court. (Doc. 55-3 at 19, Settlement § III.E.5.) The parties now report "approximately $17,082.38 remains in funds associated with uncashed settlement checks." (Doc. 61 at 2.) The parties indicate "they have agreed that the California Rural Legal Assistance, Inc. ('CRLA'), should receive all unclaimed funds associated with uncashed settlement checks from the Settlement." (*Id.*) For the reasons set forth below, the request to appoint CRLA as the cy pres beneficiary is **DENIED**.

1

### I. Distribution to a cy pres beneficiary

Since many class settlements result in unclaimed funds, generally parties should have a plan for distribution of the unclaimed funds. *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990). Options for such distribution often include cy pres distribution, escheat to the government, and reversion to the defendants. *Id.*, 904 F.2d at 1307. In addition, parties may agree that supplemental payments of uncashed funds be made to class participating class members. *See, e.g., Arredondo v. Delano Farms Co.*, 2017 WL 4340207 (E.D. Cal. Sept.29, 2017) (granting final approval of a settlement that provided for initial payments to class members, followed by a supplemental payment to distribute the uncashed funds to the class members); *In re Macbook Keyboard Litig.*, 2023 WL 3688452 at *4 (N.D. Cal. May 25, 2023) (granting final approval of a settlement that included an agreement to issue supplementary payments of residual funds).

When the parties elect to distribute funds to a cy pres beneficiary, the appointed recipient should be "tethered to the nature of the lawsuit and the interest of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). In other words, the Ninth Circuit "require[s] that there be a driving nexus between the plaintiff class and the cy pres beneficiaries." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (citing *Nachshin*, 663 F.3d at 1038). The Court explained that without such tethering, the distribution of funds "may create the appearance of impropriety" by catering "to the whims and self interests of the parties, their counsel, or the court." *Nachshin*, 663 F.3d at 1038. Thus, a cy pres award should not benefit a group that is "too remote from the plaintiff class." *Six Mexican Workers*, 904 F.2d at 1308.

In identifying a cy pres beneficiary, the Ninth Circuit directs courts to consider whether an award to the beneficiary "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." *See Nachshin*, 663 F.3d at 1039-1040 (citing *Six Mexican Workers*, 904 F.2d at 1307). Further, the Court must consider whether the cy pres distribution is appropriate given the "size and geographic diversity" of the class members. *Id.* at 1040-1041 (citing, e.g., *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 683 (8th Cir. 2002); *Houck on Behalf of U.S. v. Folding Carton Admin. Comm.*, 881 F.2d 494, 502 (7th Cir. 1989)).

## II. Discussion and Analysis

The parties now agree that CRLA should be designated the cy pres beneficiary to "receive all unclaimed funds associated with uncashed settlement checks…." (Doc. 61 at 2.) In support of this proposed beneficiary, the parties assert: "the CRLA advances the interests of agricultural workers in California, including Kern County, and the class members here were agricultural workers." (*Id.*)

As an initial matter, the Court notes that the CRLA has offices throughout the state of California, and it is questionable whether funds directed to the organization would actually benefit individuals in the Kern County region. In addition, although the CRLA reportedly "advances the interests of agricultural workers," it is unclear whether this is a substantial portion of the work performed by CRLA. Moreover, it is unclear whether the class members in this action would actually qualify for assistance from the CRLA, because "there is no evidence that Class Members are indigent or low-income individuals." (*See* Doc. 60 at 27.) Consequently, the sparce information from the parties is inadequate for the Court to determine the CRLA is a proper cy pres beneficiary in this action. *See Nachshin,* 663 F.3d at 1038-40 ("When selection of cy pres beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class members, the selection process may answer to the whims and self interests of the parties, their counsel, or the court").

The Ninth Circuit requires that a district court should examine any "relationship between the cy pres recipient and the parties or their counsel." *In re Google Referrer Header Priv. Litig.*, 869 F.3d 737, 744 (9th Cir. 2017), *vacated on other grounds, sub nom*, *Frank v. Gaos*, 139 S. Ct. 1041, 203 L. Ed. 2d 404 (2019). The Court must consider factors such as "the nature of the relationship, the timing and recency of the relationship, the significance of dealings between the recipient and the party or counsel, the circumstances of the selection process, and the merits of the recipient." *Id.*; *see also City of Long Beach v. Monsanto Co.,* 2020 WL 10540857, at *2 (C.D. Cal. July 13, 2020) ("The parties shall also identify any relationship they or their counsel have with the proposed *cy pres* recipient.")

Though the parties represent that "neither the parties nor any of their counsel have any interest in the CRLA" (Doc. 61 at 3), this Court previously observed that the firm of Mallison & Martinez "has an ongoing relationship with the CRLA." *Rosales v. El Rancho Farms*, 2015 WL 4460635, at *9 (E.D. Cal. July 21, 2015). Reviewing the settlement terms at the preliminary approval stage, the Court

observed:

> [A] cursory review demonstrates that in many cases in which Mr. Mallison or Mr. Martinez were counsel of record, class counsel recommended the cy pres beneficiary be a pro bono law firm. *Rosales v. El Rancho Farms*, 2015 WL 4460635, at *9 (E.D. Cal. July 21, 2015), report and recommendation adopted, No. 1:09-CV-00707AWI JLT, 2015 WL 13659310 (E.D. Cal. Oct. 2, 2015); *Ontiveros v. Zamora*, 2014 WL 3057506, at *1 (E.D. Cal. July 7, 2014), Doc. 123-3 at 8-10; *Sandoval Ortega v. Aho Enterprises, Inc.*, 2021 WL 5584761, at *13 (N.D. Cal. Nov. 30, 2021); *Sandoval v. M1 Auto Collisions Centers*, 2017 WL 11679905, at *5 (N.D. Cal. Mar. 20, 2017). **This suggests that pro bono law firms represent the interests of counsel, rather than the class**.

(Doc. 50 at 8-9, n.5, emphasis added.)

Generally, "courts are wary of distributing cy pres funds to organizations that have a close relationship with class counsel given the appearance of a conflict of interest." *Ramirez v. Merrill Gardens, LLC*, 2023 U.S. Dist. LEXIS 222910, at *1 (E.D. Cal. Dec. 14, 2023) (internal quotation marks, citation omitted). Such a relationship between class counsel and a proposed cy pres beneficiary warrants court declining to appoint the beneficiary. *See, e.g., Knapp v. Art*, 283 F.Supp.3d 823, 835 (N.D. Cal. 2017) (finding an association was "not an appropriate [cy pres] designee" where the association served as co-counsel an another case with the class counsel); *In re Linerboard Antitrust Litigation*, 2008 WL 4542669, *5 (E.D. Pa. Oct. 3, 2008) ("The Court agrees that PILCOP is a well respected public legal services organization in the Philadelphia area and, in general, is a deserving recipient of cy pres funds. However, because an attorney formerly associated with this case currently serves in a lead role at PILCOP, the Court does not deem it appropriate to direct any of the cy pres distribution to PILCOP"); *see also* American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.07 ("A cy pres remedy should not be ordered if the court or any party has any significant prior affiliation with the intended recipient that would raise substantial questions about whether the selection of the recipient was made on the merits").

### III.     Conclusion and Order

Given the dearth of information provided, the parties failed to demonstrate the appointment of the CRLA as the cy pres beneficiary would address the objectives of the underlying statues in issue, target the Settlement Class or "provide reasonable certainty that any class member will be benefited," particularly given the small class size and geographic location, compared to the geographic area

serviced by the organization. In addition, the relationship between Class Counsel and the CRLA also weighs against appointment of the proposed beneficiary. Accordingly, the Court **ORDERS**:

    1.    The request to appoint the CRLA as the cy pres beneficiary is **DENIED**.

    2.    <u>Within 21 days</u>, the parties **SHALL** file a stipulation to issue supplemental payments to class members—calculated on a pro rata basis as contemplated in the Settlement—provided such payments are feasible considering the administrative fees for distribution. Alternatively, they may file a joint statement identifying an appropriate cy pres beneficiary, considering the factors set forth by the Ninth Circuit, and properly supported by evidence concerning the proposed organization's mission, geographic region it services, and the clientele.

IT IS SO ORDERED.

Dated:   **May 21, 2024**　　　　　　　　　　　　　　　*/s/ Jennifer L. Thurston*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE